**S.M.B., and Karen Wills, Guardian ad Litem for S.M.B., Plaintiffs,**

**and**

**P.B., Plaintiff and Appellant,**

**v.**

**G.G., Defendant and Appellee,**

**and**

**D.B., and T.B., Defendants.**

**Civ. No. 10908.**

Supreme Court of North Dakota.

Oct. 28, 1985.

---

Kevin B. Spaeth (on brief), of Spaeth & Schubert, Grand Forks, for plaintiff and appellant, P.B.

Henry H. Howe (on brief), Grand Forks, for defendant and appellee, G.G.

VANDE WALLE, Justice.

This appeal arose from a paternity action brought by P.B. (Paula) against three men. Paula appealed from a judgment that requires G.G. (Glenn) to pay $75 a month in child support, one-half of Paula's attorney fees, and the cost of blood tests. We affirm.

Following the granting of summary judgment which established Glenn as the father of S.M.B., the trial court required affidavits from Paula and Glenn concerning their financial status and the costs incurred in the raising of S.M.B. The trial court found that Paula's gross income is $1,101 a month. Glenn receives a monthly base pay of $1,044.80, plus separate rations of $140 a month. Both parents are members of the United States Air Force. After thoroughly evaluating the expenses incurred by both parties, the court ruled that Glenn must pay $75 a month for child support during the remainder of the minority of the child (subject to further order of the court on proof of changed circumstances), the costs of the blood test (i.e., $275), and one-half of Paula's attorney fees (i.e., $322.50).

Paula argues that the lower court improperly considered Paula's "fault" in determining the award. The award of support in a paternity action is a finding of fact and will not be set aside by this court on appeal unless it is clearly erroneous. *C.B.D. v. W.E.B.*, 298 N.W.2d 493 (N.D.

1980). Section 14–17–14(5), N.D.C.C., contains a list of the factors that a court enforcing the obligation of support must consider.[1] By the terms of the statute, these factors are not inclusive. The lower courts dealing in this area are required to consider all relevant facts, including the items listed by the statute. Even if we assume that the court's consideration of Paula's "fault" in regard to the circumstances surrounding the conception of S.M.B. was improper (a point which we do not reach), this court is not left with a definite and firm conviction, in light of the other evidence submitted to the lower court, that a mistake has been made. See *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973). This is particularly true in light of the fact that the issue in contention is the appropriateness of the lower court's distribution of the parents' burden to support S.M.B. and that there is no allegation that S.M.B. will not be adequately supported as a result of an affirmance of the lower court's order.

■ Paula also argues that the lower court erred in not awarding child support arrearages. We note that under Section 14–17–14(4), N.D.C.C., the district court may limit the parent's liability for past support of the child to the proportion of the expenses that the court deems just. However, Paula states that "[t]he trial court gave no reason for this denial and therefore it must be assumed that this lack of award was also based on Paula's 'fault' in the conception of the child." The affidavits submitted to the court made no mention of the arrearages. Although listed as a claim for relief in the complaint, the only "evidence" submitted to the trial court on this issue was the attorney's assertion, made

tangentially in regard to another issue, that Paula "has contributed roughly $10,000 over these past twelve months toward her daughter and [Glenn] has contributed nothing at all." A lawyer's comments are not evidence. Thus the trial court did not address the issue because it was not properly before him.[2]

■ The final issue concerns the trial court's decision that Glenn had to pay only for the blood testing and one-half of Paula's attorney fees. Paula has not affirmatively established that the trial court abused its discretion in this regard. See *Hoster v. Hoster*, 216 N.W.2d 698 (N.D. 1974).

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, J., concur.

LEVINE, Justice (dissenting).

I respectfully dissent. The trial court found as a matter of fact "That the relationship between [Glen] and [Paula] was of a transient nature and that their sexual relationship was initiated by [Paula]."

It also found as a fact "That due to the transient nature of the sexual relationship of [Glen] and [Paula], [Glen] is entitled to pay a reduced amount of child support."

In a case such as this, fault has no bearing. *Heller v. Heller*, 367 N.W.2d 179 (N.D.1985). The primary purpose of child support in a paternity proceeding or a divorce proceeding is to provide for the child's needs in light of the financial circumstances of both parents. Accordingly, in this case the mother's conduct should have no bearing on the father's duty of

---

1. These factors are (a) the needs of the child; (b) the standard of living and circumstances of the parent; (c) the relative financial means of the parents; (d) the earning ability of the parents; (e) the need and capacity of the child for education, including higher education; (f) the age of the child; (g) the financial resources and the earning ability of the child; (h) the responsibility of the parents for the support of others; and (i) the value of services contributed by the custodial parent.

2. The judge's order and the judgment, both of which were prepared by Paula's counsel, refer to arrearages. There was no evidence submitted as to this point and no reference was made to it by the judge in his ruling on the record. Paula's remedy, at least in relation to this action, is afforded by Rule 60(b), N.D.R. Civ.P.

**30**

support or upon the manner in which the parents' respective obligations are determined. Furthermore, if fault there is, it is equally attributable to both participants. An invitation can be declined, an offer rejected. One thing is certain, no culpability can be attributed to the child. The complainant's "virtue" was not an issue under earlier paternity law, *State v. Brunette*, 28 N.D. 539, 150 N.W. 271 (1914), and the trial court erred in considering it, or a facsimile, in determining the amount of child support in this paternity proceeding.

Although the clearly erroneous rule affords the trial court generous and wide-ranging leeway to find the facts, it does not insulate the trial court from appellate review; nor are we bound by those findings of the trial court which are based on an erroneous conception of law. *Diemert v. Johnson*, 299 N.W.2d 546 (N.D.1980). Furthermore, the trial court's mistaken conclusion that the legal effect of a "transient" sexual relationship is to entitle a father to pay a reduced amount of child support, is a conclusion of law fully reviewable by this Court. In my view, the trial court erred as a matter of fact and as a matter of law in fixing the amount of child support.

The majority opinion affirms the judgment without reaching the issue of fault. While I agree that we affirm a trial court's decision if we find the right reason to substitute for its wrong reason, in this case I am unable to do so because I have no idea to what extent the trial court was influenced by its misconception of the law. I do not know how much child support it would have awarded had it not factored into its calculations the quality of and impetus for the sexual relationship but had instead properly applied the law.

I would therefore reverse the judgment insofar as child support is concerned and remand with instructions that the fault of neither party be considered.

MESCHKE, J., concurs.