# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1703

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Lee Ronald Nesgoda, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 11, 2008
Filed: March 23, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Lee Nesgoda brought this 28 U.S.C. § 2255 petition to vacate or correct his sentence of 235 months' imprisonment following his plea of guilty to conspiracy to distribute methamphetamine. The district court granted the petition in part and re-sentenced Nesgoda to 160 months in prison. Nesgoda appeals the denial of the remainder of the petition, and we affirm.

## I.    BACKGROUND

Nesgoda was indicted on five counts of conspiracy to distribute methamphetamine.  In March 2006, one week prior to trial, Nesgoda wrote a letter to the district court suggesting that he was unhappy with counsel's performance, and letting the court know that he wanted to take a plea offer from the government but the offer had been rescinded.  Shortly after receiving this letter, the district court held a pretrial conference.  At the conference, discussions between the court and Nesgoda disclosed that an earlier plea offer had included a sentencing range of 188 to 235 months.  The plea agreement which was on the table at the time of this hearing, however, offered a sentencing range of 262 to 327 months.  Nesgoda expressed dissatisfaction with the notion that he would be subject to life imprisonment if he went to trial, but noted that the current plea deal was not much better than that.  The district court responded to those comments by telling Nesgoda that 262 months was not life, that he was still a young man, and that he had plenty of time after he got out of prison "to do all kinds of wonderful things."  The district court also noted that after eighteen years, "you'll be out and I'll still be alive and out to supervise you."

Shortly thereafter, the court recessed and allowed the parties to discuss plea negotiations.  Two hours later, the hearing reconvened, and the parties informed the court that they had reached an agreement.  As previously noted, the district court sentenced Nesgoda to 235 months' imprisonment, after granting a downward departure based on the overstatement of Nesgoda's criminal history.  Nesgoda did not directly appeal his sentence, because in the plea agreement, he waived his right to appeal a sentence lower than 327 months.

In his § 2255 petition, Nesgoda claimed he was wrongly sentenced as a career offender, because one of his prior arson convictions was actually a misdemeanor. The government conceded this error, and the district court partly granted the § 2255 petition on this basis.  The district court denied the remainder of the motion after an

evidentiary hearing exploring Nesgoda's allegations of a Federal Rule of Criminal Procedure Rule 11 violation by the district court for improperly participating in plea negotiations, and ineffective assistance of counsel. Based on the conceded error, the district court noted that Nesgoda's offense level was 33, his criminal history category four, and his sentencing range 188 to 235 months. The district court ultimately re-sentenced Nesgoda to a term of 160 months. Nesgoda appeals the adverse judgment on the remaining portions of his § 2255 petition.

## II.    DISCUSSION

We review de novo the district court's ruling on the § 2255 petition. United States v. Hernandez, 436 F.3d 851, 854 (8th Cir. 2006). Because Nesgoda did not raise the matter at his plea hearing, in this collateral proceeding, we review for plain error the issue of whether the trial court improperly participated in the plea negotiations in violation of Rule 11. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Molzen, 382 F.3d 805, 807 (8th Cir. 2004).[1] A plain error should be corrected if the defendant proves there is (1) error; (2) that is plain; (3) that affected the defendant's substantial rights; and (4) seriously affected the fairness, integrity or public reputation of the judicial proceedings. Johnson v. United States, 520 U.S. 461, 466-67 (1997). In the context of this case, Nesgoda must demonstrate that there is a reasonable probability that he would not have pleaded guilty absent the alleged error. Molzen, 382 F.3d at 807.

---

[1]Nesgoda invites us to adopt a less rigorous standard due to the unique situation that occurs when a district court has allegedly violated Rule 11 by participating in plea negotiations. Nesgoda is before us on collateral review and, in Vonn, the Supreme Court noted the more difficult burden on collateral review faced by those who did not preserve their errors at trial. 535 U.S. at 63-64. So while Nesgoda's policy arguments in support of a lesser standard of review are somewhat compelling, they are more appropriately considered in a case before us on direct review. Accordingly, we decline Nesgoda's invitation and follow our precedent applying a plain error standard on collateral review for unobjected-to Rule 11 errors. Molzen, 382 F.3d at 807.

Rule 11 governs pleas, and among other things, prohibits judicial involvement in plea negotiations with criminal defendants, stating that "[t]he court must not participate" in plea discussions. Fed. R. Crim. P. 11(c)(1). We have strictly construed the rule to require an absolute prohibition upon district court participation in plea negotiations, either with counsel or in the presence of the defendant. United States v. Washington, 109 F.3d 459, 463 (8th Cir. 1997).

Nesgoda cannot meet the rigorous plain error standard in this instance. To start, Nesgoda initiated contact with the district court, writing him and expressing a desire to plead guilty. At the resulting pretrial hearing, the district court repeatedly told Nesgoda that it was up to him to decide whether to take the plea agreement offered by the government. The district court did not inject his own terms into the plea agreement, he merely explained the effect of the terms already on the table. Under these circumstances, while there may or may not have been a technical Rule 11 violation, there certainly was not a violation which satisfies the plain error rule. Considering that Nesgoda initiated contact with the district court, expressed a desire to plead guilty, and was under the impression that he faced a life sentence if he went to trial, there is no reasonable probability that Nesgoda would have proceeded to trial absent the alleged participation by the district court during the pretrial hearing.

Nesgoda's primary contention is that the district court "participated" by advocating a particular sentence, 262 months, if and when Nesgoda accepted the plea, rendering the district court's "participation" unnecessarily coercive and making it difficult for Nesgoda to refuse to plead guilty. Nesgoda's argument suggests that 262 months is a figure that the district court came up with on its own. However, at the pretrial hearing, the government indicated that there was a plea offer in existence which contemplated a sentencing range of 262 to 327 months. Nesgoda expressed some dissatisfaction with this number, noting that it was not much different than a life sentence. The district court's comments about the length of a 262-month sentence were in direct response to Nesgoda's comments. As we read the transcript, we do not

find that the district court's comments were coercive, or suggested that any particular sentence was promised or threatened based on Nesgoda's decision to plead, or not. Accordingly, we find no plain error on this point.

Nesgoda also complains that his counsel improperly informed him that he was a career offender, and that had he known otherwise, he would have gone to trial. In establishing an ineffective assistance of counsel claim in the guilty plea context, a defendant must show that counsel's performance was deficient according to the Strickland v. Washington, 466 U.S. 668, 687 (1984), standard, and also that, but for counsel's errors, he would not have pleaded guilty but would have instead proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Assuming that Nesgoda can meet the Strickland performance standard,[2] he cannot meet the Hill prejudice prong for reasons similar to the Rule 11 analysis. The evidence points to the conclusion that Nesgoda was eager to plead guilty. Had he known the career offender provisions were not in play, there is a reasonable probability that Nesgoda was just as likely to plead guilty, not less likely. If the parties involved had known that Nesgoda did not qualify as a career offender, his sentencing range in the plea agreement would presumably[3] have looked more like the range that was acceptable to Nesgoda when he wrote the letter to the district court.

[2]This assumption may not be safe, as defense counsel was one of many, including the prosecutor, the district court, and the probation officer who prepared the presentence investigation report (PSR), who believed Nesgoda to be a career offender. And we have previously held that counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel. Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994).

[3]In his March 2006 letter, Nesgoda informed the district court that he wanted to plead guilty to the government's first plea offer, which was no longer on the table. The sentencing range in that plea offer was 188 to 235 months. This is the precise sentencing range calculated by the amended PSR, once the parties realized that Nesgoda did not qualify as a career offender.

In light of Nesgoda's eagerness to plead guilty, with the lowest possible sentencing range, there simply is no reasonable probability that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty.

## III.   CONCLUSION

We affirm the judgment of the district court.

_____