FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 18, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 18

State of North Dakota,                                    Plaintiff and Appellee

      v.

James Glenn Watson,                                    Defendant and Appellant

### No. 20200109

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice, in which Justices Crothers, McEvers, and Tufte joined. Chief Justice Jensen filed a dissenting opinion.

Amy G. Pikovsky, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   James Watson appealed from an order denying his motion to withdraw his guilty plea to the offense of continuous sexual abuse of a child. Watson argues the district court failed to properly analyze his understanding of the terms of the plea agreement and the court did not make factual findings or legal conclusions to support its decision. We affirm.

I

[¶2]   Watson was charged with continuous sexual abuse of a child in Golden Valley County, gross sexual imposition in Hettinger County, and continuous sexual abuse of a child in Stark County. All three cases involved the same victim. A jury convicted Watson of continuous sexual abuse of a child in the Golden Valley County case. He entered *Alford* conditional guilty pleas to the charge of continuous sexual abuse of a child in the Stark County case and to an amended charge of sexual assault in the Hettinger County case.

[¶3]   Watson appealed from the criminal judgments in all three cases, arguing his statutory speedy trial right was violated in each case. *See State v. Watson*, 2019 ND 164, ¶ 1, 930 N.W.2d 145. This Court reversed the judgment in the Golden Valley County case, holding Watson's speedy trial right was violated. *Id.* at ¶ 41. However, we affirmed the judgments in the Hettinger and Stark County cases, holding the district court did not abuse its discretion by granting the motions for continuances. *Id.* at ¶ 34.

[¶4]   After the appeal, Watson moved to withdraw his guilty plea in the Stark County case. He claimed that he pled guilty contingent on the fact that he was convicted in the Golden Valley County case and that he should be allowed to withdraw his guilty plea in the Stark County case because his conviction in Golden Valley County was overturned on appeal. The State opposed the motion, arguing there was no basis to withdraw the plea. After a hearing, the district court denied Watson's motion. The court found no manifest injustice and denied Watson's motion to withdraw his guilty plea.

[¶5] Watson argues the district court abused its discretion in denying his motion to withdraw his guilty plea. He contends the court did not make findings about his understanding of the terms of his plea agreement and the court's failure to properly analyze his understanding of the terms of the agreement is an abuse of discretion.

[¶6] Rule 11(d) of the North Dakota Rules of Criminal Procedure governs a defendant's motion to withdraw a guilty plea and provides different standards for withdrawing the plea depending on when the motion to withdraw is made. *See State v. Yost*, 2018 ND 157, ¶ 6, 914 N.W.2d 508. "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." N.D.R.Crim.P. 11(d)(2). The defendant has the burden to prove a manifest injustice exists. *Dodge v. State*, 2020 ND 100, ¶ 13, 942 N.W.2d 478.

[¶7] "The [district] court has discretion in finding whether a manifest injustice necessitating the withdrawal of a guilty plea exists, and we review the court's decision for abuse of discretion." *Dodge*, 2020 ND 100, ¶ 13 (quoting *State v. Howard*, 2011 ND 117, ¶ 3, 798 N.W.2d 675). A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or it misinterprets or misapplies the law. *Kremer v. State*, 2020 ND 132, ¶ 5, 945 N.W.2d 279. An abuse of discretion occurs when the court's legal discretion is not exercised in the interest of justice. *Dodge*, at ¶ 13. We are reluctant to order a guilty plea be withdrawn without evidence the defendant did not understand the nature of the agreement or sentencing recommendation. *State v. Craig*, 2020 ND 80, ¶ 10, 941 N.W.2d 539.

[¶8] Rule 11(a)(2), N.D.R.Crim.P., governs conditional guilty pleas and states:

> With the consent of the court and the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. The defendant, any defendant's attorney, and the prosecuting attorney must consent

in writing to a conditional plea filed with the court. If the court accepts the conditional plea, it must enter an order. The resulting judgment must specify it is conditional. A defendant who prevails on appeal must be allowed to withdraw the plea.

[¶9] Whether the motion was made under Rule 11(a)(2) or Rule 11(d) is critical to proper resolution of Watson's motion to withdraw his guilty plea. Watson moved to withdraw his guilty plea in the Stark County case after he was sentenced and the judgment was affirmed on appeal, arguing:

> Watson plead guilty following his conviction in Golden Valley County on similar charges. His reason for pleading guilty was contingent on the fact that he was convicted in Golden Valley County. He also wanted to save the State, as well as his family the stigma of going through another trial. He also was led to believe that pleading guilty on this charge really wouldn't matter because any sentence that he would receive would run concurrently and in conjunction with any sentence that he would receive in the Golden Valley County case. In fact, sentencing for all three county cases was held on the same date of March 13, 2018. Because Golden Valley County case 17-2017-CR-34 was eventually overturned by the North Dakota Supreme Court, Watson should be allowed to withdraw his guilty pleas in Stark County (Case No. 45-2017-CR-00596) and Hettinger County (Case No. 21-2017-CR-00030).

At a hearing on the motion, Watson testified he pled guilty in the Stark County case so his sentence would run concurrent with his sentence in Golden Valley County, and he believed the guilty pleas would be withdrawn if the Golden Valley County case was overturned on appeal because everything was contingent on the Golden Valley County conviction.

[¶10] The district court denied Watson's motion to withdraw his guilty plea. The court made oral findings during the hearing on the motion and also issued a written order. The oral and written findings are not inconsistent and we may consider both the court's oral and written findings in support of its decision. *See Clarke v. Taylor*, 2019 ND 251, ¶ 9, 934 N.W.2d 414. At the close of the hearing, the court concluded as follows: "I don't find that there's any manifest injustice and he did not prevail on the appeal which is, on these particular

3

cases, the Court's decision on it was upheld; therefore, I am denying the Motion." The court's subsequent written order stated the plea in the Stark County case was an *Alford* plea and the only condition on the guilty plea disclosed or evident to the court was the appeal related to the speedy trial request in this case. The written order concluded:

> The only issue or condition for the appeal disclosed, or evident to the Court, was the issues surrounding the speedy trial request for this County. No specific condition was disclosed to this Court in this case, that it was conditioned on whether the Defendant was successful on any grounds of an appeal in another county.

[¶11] Watson argues, and the dissent agrees, that the district court erred by denying the motion under Rule 11(a)(2) instead of determining whether there was a manifest injustice under Rule 11(d). To the extent there may be ambiguity in the legal basis for the district court's decision, we may consider the context in which the district court expressed its decision and in particular the arguments that were presented to it that led to its decision. *See Caster v. State*, 2019 ND 187, ¶¶ 6-7, 931 N.W.2d 223. Here, we believe the transcript of the hearing provides sufficient context to show that the district court denied the motion because it found no manifest injustice under Rule 11(d).

[¶12] At the hearing on the motion to withdraw Watson's plea of guilty, Watson's attorney and both State's Attorneys argued manifest injustice under Rule 11(d). Watson's attorney argued:

> Now, as we've stated this -- Defendant has a burden of proving withdrawal is necessary to conduct a manifest injustice. We believe that there is, and has been, a manifest injustice occurred in the fact that -- the one case that he did go to trial on was overturned by the North Dakota Supreme Court.

The Stark County State's Attorney responded:

> So I don't believe there's any manifest injustice. In fact, I believe the record is quite clear and any belief that this defendant had, based on what we're hearing today, is mistaken and was never considered by me, that I can recall.

The Hettinger County State's Attorney responded:

> North Dakota rule of Criminal Procedure 11 only allows a withdrawal of a plea before the court accepts it for this new and improved reason: after the Court imposes sentence, then he has to show a manifest injustice, and simply making a trial decision, a tactical decision, doesn't qualify as manifest injustice if it turns out that was a bad decision because one of the conditions is reversed.

He went on to argue the motion was untimely under Rule 11(d)(3) because the state would be prejudiced by the delay:

> [I]t has been seven years since the events occurred in Hettinger County, as I read the Felony Information that was filed. Based on Marcy's Law, I have a juvenile victim that is most likely an adult. I have no idea where she is. And it's a manifest injustice to the victim, under Marcy's Law, that this had no finality. Waiting all of this time to raise the issue when there now is no evidence to support it, other than Mr. Watson's uncorroborated statements, is just patently manifestly unjust to the State and to the victim.

[¶13] The circumstances of Watson's change of plea hearings in the Hettinger County and Stark County cases were known to the district court judge and support the court's finding of no manifest injustice. Both change of plea hearings were held before the same district court judge on March 13, 2018. During the Hettinger County change of plea hearing, Watson's attorney informed the court that there was a plea agreement, the court asked what the agreement was, and the following exchange occurred:

> MR. McCABE: The agreement is, I believe that the State is going to move to amend the charge down to GSI amended — or excuse me — from a GSI down to — amended to corruption of minors pursuant to 12.1-20-05, which is a C felony. This is going to — my client's going to be pleading guilty under an Alford plea, which is also a conditional plea, meaning that he reserves — he's going to reserve his right to appeal the decision. I believe it's a December 9th decision of the Court.
>
> And he is going — we're going to leave sentencing open until we continue the one on the Golden Valley matter; correct?

5

MS. PIKOVSKY: I think though —
MR. McCABE: I mean, everything's going to run concurrent.
THE COURT: So it's going to run concurrent with Golden Valley?
MR. McCABE: Golden Valley. And a PSI will be requested, and they're going to combine all three PSIs into one.
[The State clarified it was going to amend the charge to sexual assault, a class C felony.]
. . .
THE COURT: All right. All right.
Mr. Watson, you understand that you're going to enter into an Alford plea?
THE DEFENDANT: Yes, sir, I do.
THE COURT: Do you understand what that is?
THE DEFENDANT: Yes, sir, I do.
THE COURT: So you're basically saying or agreeing that there is enough evidence by the State that a jury could find you guilty.
THE DEFENDANT: Yes, sir.

The change of plea hearing for the Stark County case immediately followed the Hettinger County hearing and included the following exchange:

THE COURT: This is case No. 2017-CR-596. All right. Mr. Henning, Mr. McCabe, what are we doing on this charge?
MR. McCABE: Your Honor, this is basically going to be the same thing, except my client will be pleading – again, entering an Alford plea to the charge of continuous sexual abuse of a minor, and it remains as a AA felony, and it's going to be contingent and pursuant to the order that the Court put in reserving his right to appeal. We are also going to reserve sentencing until the PSI comes in, and it's going to be concurrent with Golden Valley County.
THE COURT: Okay. Mr. Henning, is that the proposed resolution?
MR. HENNING: Yeah.
. . .
THE COURT: All right. All right. Mr. Watson, do you understand you're going to be entering an Alford plea to the charge of continuous sexual abuse of a child?
THE DEFENDANT: Yes, sir, I do.
THE COURT: All right. And you told me before you understand what that is?
THE DEFENDANT: Yes.

6

THE COURT: Okay. Then based upon an Alford plea basis to the charge of continuous sexual abuse of a child, how do you plead?
THE DEFENDANT: Guilty.
THE COURT: All right. And you agree then that there's enough facts there that the jury could find you guilty.
THE DEFENDANT: Yes, I do.
. . .
THE COURT: All right. Mr. Watson, you got any questions?
THE DEFENDANT: No, sir.

[¶14] Rule 11(b)(2), N.D.R.Crim.P., requires the district court to "inquire whether the defendant's willingness to plead guilty results from discussion between the prosecuting attorney and the defendant or the defendant's attorney." The purpose of this requirement is for the court to ascertain whether the plea is the result of negotiations so the court can "inquire further about the negotiation process to assess the defendant's understanding of the terms of any resulting agreements." *Abdi v. State*, 2000 ND 64, ¶ 21, 608 N.W.2d 292.

[¶15] During the change of plea hearings, Watson's attorney indicated the guilty plea in Stark County was the same as the guilty plea in Hettinger County, except for the offense charged, and the plea was a conditional guilty plea reserving the right to appeal. In the Hettinger County case Watson's attorney stated the plea was conditional and Watson was reserving his right to appeal the district court's decision. Watson's attorney was clear in referencing the Golden Valley County case for purposes of stating the sentences in the three cases would be concurrent. However, the Golden Valley County case was not mentioned in either change of plea hearing when Watson's attorney informed the court of the terms of the conditional nature of the pleas. The district court asked Watson if he understood the plea, and he indicated he did. The court also asked Watson if he had any questions at the end of the change of plea hearing, and Watson indicated he did not.

[¶16] In Watson's motion to withdraw his guilty plea he argued he pled guilty in the Stark County case because he was convicted in Golden Valley County, he believed that pleading guilty would not matter because any sentence he received would run concurrently with any sentence he would receive in the Golden Valley County case, and therefore he should be allowed to withdraw

7

the guilty plea because the jury conviction was overturned on appeal. Watson agreed there was sufficient evidence to convict him of the charged offense when he pled guilty. Watson's appeal in the Stark County case was not successful. The district court did not err when it concluded a manifest injustice did not exist simply because Watson changed his mind about pleading guilty after his conviction was reversed in the related case.

[¶17] Watson failed to establish a manifest injustice would occur if he was not allowed to withdraw his guilty plea. The district court sufficiently explained its decision and did not act in an arbitrary, unreasonable, or capricious manner. We conclude the court did not abuse its discretion by refusing to allow Watson to withdraw his guilty plea.

## III

[¶18] We affirm the order denying Watson's motion to withdraw his guilty plea.

[¶19] Gerald W. VandeWalle
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte

**Jensen, Chief Justice, dissenting.**

[¶20] Our prior cases and the North Dakota Rules of Criminal Procedure do not require a defendant to have previously entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2) in order to file a motion to withdraw their guilty plea pursuant to N.D.R.Crim.P. 11(d). I agree with the majority opinion and its application of N.D.R.Crim.P. 11(d), and its recognition that the district court was required to determine if allowing Watson to withdraw his guilty plea would correct a manifest injustice. However, because the court's written order denying Watson's request to withdraw his guilty plea does not include any reference whether there has been a manifest injustice, and the oral ruling by the court at the end of the hearing references manifest injustice a single time and only coupled with a finding that Watson's motion should be denied because

8

his original plea was not conditional under N.D.R.Crim.P. 11(a)(2), I would reverse and remand for the court to consider Watson's request to withdraw his guilty plea under N.D.R.Crim.P. 11(d). The district court, not this Court, should be tasked with the initial determination of whether a withdrawal of Watson's guilty plea will prevent a manifest injustice.

I

[¶21] In this case, Watson was charged with continuous sexual abuse of a minor in Stark County. Watson was also charged with continuous sexual abuse of a child in Golden Valley County and gross sexual imposition in Hettinger County. The same victim was alleged in each of the cases. Watson was convicted of gross sexual imposition in the Golden Valley County case and subsequently entered guilty pleas in this case and in the Hettinger County case.

[¶22] Watson appealed all three judgments asserting his right to a speedy trial had been violated in each of the cases. Watson entered conditional guilty pleas pursuant to N.D.R.Crim.P. 11(a)(2) in Hettinger County and Stark County, preserving his right to pursue an appeal asserting he was denied a speedy trial. The conditional guilty pleas were case specific without cross-reference to what would happen if an appeal was successful in one case but not the others.

[¶23] This Court affirmed the judgments in Hettinger County and Stark County, the cases in which Watson had entered guilty pleas. This Court reversed the judgment in the Golden Valley County case after determining Watson's right to a speedy trial had been violated.

[¶24] Following the reversal of the Golden Valley County judgment, Watson filed a motion to withdraw his guilty plea in this case pursuant to N.D.R.Crim.P. 11(d). The basis for his motion was the following assertion as reflected in his brief to the district court:

> Because Watson plead guilty to the Stark County and Hettinger County cases solely based on his conviction in the Golden Valley case, which was overturned by the North Dakota Supreme Court, he respectfully is requesting from this Court that he be allowed to

9

withdraw his guilty pleas in the Stark County case (Case No. 45-2017-CR-00596) and the Hettinger County case (Case No. 21-2017-CR-00030).

At the hearing for his motion to withdraw, in response to the question of why he changed his plea in this case, Watson responded as follows: "I changed my plea so that the sentences would run concurrent."

[¶25] The State responded to Watson's motion to withdraw his guilty plea, asserting Watson had failed to condition his guilty plea on the success of the Golden Valley County case as required by N.D.R.Crim.P. 11(a)(2). The district court denied the motion to withdraw after finding Watson failed to make the success of the Golden Valley County appeal a condition of his guilty plea in this case. The entire analysis within the court's written order was limited to two sentences which read as follows:

> The only issue or condition for the appeal disclosed, or evident to the Court, was the issues surrounding the speedy trial request for this County. No specific condition was disclosed to this Court in this case, that it was conditioned on whether the Defendant was successful on any grounds of an appeal in another county.

[¶26] The majority opinion, in paragraph 9, correctly recognizes that "[w]hether the motion was made under Rule 11(a)(2) or Rule 11(d) is critical to the proper resolution of Watson's motion to withdraw his guilty plea." I agree with the majority opinion and the recognition that this case must be resolved through the application of Rule 11(d) for a determination of whether allowing Watson to withdraw his guilty plea is necessary to prevent a manifest injustice and should not be analyzed under Rule 11(a)(2) for a determination of whether Watson's earlier plea of guilty was a conditional guilty plea. Where I depart from the majority opinion is the conclusion the district court correctly applied Rule 11(d). I firmly believe the court improperly denied Watson's motion to withdraw his guilty plea based upon a determination Watson had failed to properly preserve the right to withdraw his guilty plea under Rule 11(2)(a).

[¶27] The majority opinion acknowledges that the key determination to be made by the district court was whether it would be a manifest injustice not to

10

allow Watson to withdraw his guilty plea. The phrase "manifest injustice" does not appear in the court's written order, not even once, and there is no analysis of manifest injustice in the court's written order. The entire analysis is the two sentence block quote from the order aforementioned in paragraph 6 of this separate.

[¶28] The majority opinion quickly abandons any further discussion of the written order and instead turns to the oral discussion provided at the end of the hearing. The majority opinion ignores several aspects of the written order which indicated the district court only considered whether the prior plea was conditional under Rule 11(a)(2), a standard the majority opinion rejects at the beginning of paragraph 9 of the majority opinion. The written order begins with the phrase the "only issue or condition for the appeal disclosed . . . ." The written order is not vague, it is clearly a discussion of whether the prior plea was conditional, a conclusion it was not, and a determination that because the plea was not conditional the motion to withdraw should be denied. The word condition (or conditional) is used three times in the two substantive sentences of the written order. To reach the conclusion the court applied the correct law as reached by the majority, the written order has to be ignored.

[¶29] In the oral discussion provided by the district court at the end of the hearing on Watson's motion to withdraw, the court used the phrase "manifest injustice" a single time. The context is important. The use of the phrase comes at the end of the court's determination "it does appear it's—as the language says, it's going to be contingent and pursuant to the Order that the Court put in reserving his right to appeal." The phrase appears in the following sentence: "I don't find that there's any manifest injustice and he did not prevail on the appeal which is, on these particular cases, the Court's decision on it was upheld; therefore, I am denying the Motion." The court's single reference to manifest injustice is coupled with the court's contemporaneous determination that Watson had failed to make his prior plea contingent and his conditional guilty plea was limited to the speedy trial request in this case. It is also interesting to note the court's initial observation about these cases:

11

To me, it was all treated as one case up until the end. I didn't know that it was going to be split out until the pre-trial, which was on the 12th of December. At that time, despite what may have been briefed, all counties were there. It's clearly in the notes that everybody was there.

That is consistent with the issue Watson raised in his motion. He asserts he would not have plead guilty but for the offer of a concurrent sentence to the companion case where the judgment has been vacated.

[¶30] The operative question is not whether Watson entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), because he is not required to preserve issues to subsequently file a motion to withdraw under N.D.R.Crim.P. 11(d)(3). The operative question is whether there has been a manifest injustice supporting Watson's withdrawal of his guilty plea when he gave the plea because his sentence would be concurrent with a case that has now been reversed and vacated. The written order indicates the district court was focused on whether the prior plea was conditional without a single reference to "manifest injustice" and the oral findings reference "manifest injustice" a single time, and only coupled with the court's determination the prior plea was not properly conditional. These circumstances compel this case to be remanded to the court for a determination of whether it would be a manifest injustice to deny the withdrawal of a guilty plea when the plea was entered to obtain a concurrent sentence with a sentence that was subsequently vacated. We do not know how the court would answer that question.

II

[¶31] Paragraph 12 of the majority opinion provides several quotations to arguments made during the hearing by Watson's counsel and the State referencing Rule 11(d)(3). The majority opinion extrapolates from this the conclusion that the district court must have made its determination by applying Rule 11(d) and not Rule 11(a)(2). The majority opinion sets a dangerous precedent for this Court. When there is an apparent misapplication of law in a court's written order (three references to condition or conditional without any references to manifest injustice) and at best, ambiguous support

12

in the court's oral findings, this Court will now assume the correct law was applied by the court if the correct law was argued by the parties. It is now a disadvantage for a litigant to have argued the correct law when the issue on appeal is whether the district court applied the correct law.

[¶32] In paragraphs 13-16, the majority engages in something the district court did not do—its own analysis of why there is not a manifest injustice. Those paragraphs do a detailed analysis of the change of plea hearing. It is the district court's obligation to provide a finding on manifest injustice, subject to an abuse of discretion standard of review by this Court. This Court should not engage in its own analysis of how the denial of the motion can be justified and then conclude there has not been an abuse of discretion. The court's written order does not even mention "manifest injustice" and the order comes nowhere close to the analysis in paragraphs 13-16. Even if we were to go beyond the written order, the oral findings of the court do not contain any of the arguments and conclusions asserted within paragraphs 13-16 of the majority opinion. The rationale and conclusions within paragraphs 13-16 are exclusively those of the majority opinion, not the district court.

[¶33] In this case, the district court's written order did not contain the phrase "manifest injustice." The two sentence explanation of the court, quoted in paragraph 6 above, unambiguously reveals the court improperly imposed the requirement that Watson had previously entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), and denied the motion because the conditional guilty plea did not include a tie to the Golden Valley County case and he did not prevail on appeal in this case.

[¶34] The district court must consider whether the entry of a guilty plea in this case for the purpose of receiving a concurrent sentence in a companion case results in a manifest injustice if the conviction in the companion case is vacated. While the absence of a tie between the different appeals is certainly a fact to be considered, the absence of a conditional guilty plea is but one possible factor for the court to consider.

13

## III

[¶35] A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or it misinterprets or misapplies the law. *Kremer v. State*, 2020 ND 132, ¶ 5, 945 N.W.2d 279. Here, the district court's written order is devoid of even a reference to the central issue, whether there was a manifest injustice as the result of Watson pleading guilty to receive a sentence concurrent to a jury conviction in a companion case that was subsequently reversed and vacated. The single reference to "manifest injustice" by the court in the transcript is the conclusion that a failure to preserve the issue through N.D.R.Crim.P. 11(a)(2), conditional guilty plea is not a manifest injustice. The court denied the motion because Watson failed to enter a conditional guilty plea. Because a conditional guilty plea is not a prerequisite to a subsequent request to withdraw a guilty plea, and the written order is devoid of any mention of the central legal issue, I would hold that the district court abused its discretion and remand this case. Upon remand, the district court should determine whether the denial of Watson's request to withdraw his guilty plea would result in a manifest injustice when it was entered to receive a sentence concurrent with a sentence that has now been vacated. We do not know whether the court will answer that question in the affirmative or the negative.

[¶36] Jon J. Jensen, C.J.

14