2013 ND 240

**Sulejman Moni BAHTIRAJ, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20130113.**

Supreme Court of North Dakota.

Dec. 19, 2013.

Charles Justin Sheeley (argued), Fargo, ND, for petitioner and appellant.

Tristan Jones Van de Streek (appeared), Assistant State's Attorney, and Benjamin J. Sand (argued), Fargo, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] Sulejman Moni Bahtiraj appeals from the district court's order denying his application for post-conviction relief from an April 2011 conviction entered upon his guilty plea to a burglary charge. We hold the district court did not err in denying Bahtiraj's motion for post-conviction relief. Bahtiraj failed to prove the prejudice necessary to satisfy the second prong of the two-prong *Strickland* test. We affirm.

I

[¶ 2] In March 2011, Bahtiraj was charged with burglary, a class C felony, for stealing two cash registers from the Peking restaurant in West Fargo. Bahtiraj was also charged with two misdemeanors for the offenses of false report and issuing a check without an account. Counsel was appointed to represent Bahtiraj. Bahtiraj and his counsel met on two occa-

sions, March 10, 2011, and April 7, 2011, immediately before the preliminary hearing. Bahtiraj is a citizen of Bosnia, and his counsel was aware of that status.

[¶ 3] On April 7, 2011, Bahtiraj waived the preliminary hearing and his right to trial and pled guilty to the burglary charge. He also pled guilty to the two misdemeanors. Before Bahtiraj entered these guilty pleas, the court explained that the maximum sentence for the burglary charge was five years in prison, a $5,000 fine, or both. The court also explained the maximum sentence for the misdemeanors was one year in jail, a $2,000 fine, or both. As to the burglary charge, the State recommended the court sentence Bahtiraj to one year and one day imprisonment due to Bahtiraj's past failures to appear and abscond. Bahtiraj's counsel told the court a sentence of one year and one day would not be conducive to Bahtiraj's situation. Bahtiraj's counsel indicated that Bahtiraj "came clean with the burglary" and gave a complete and accurate statement regarding the burglary when law enforcement questioned him. The court sentenced him to one year and one day for the burglary charge.

[¶ 4] On December 28, 2011, Bahtiraj received a notice to appear regarding removal proceedings under 8 U.S.C. § 1229a. The notice to appear states Bahtiraj is subject to removal based on 8 U.S.C. § 1227(a)(2)(A)(ii), in that he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct, and based on 8 U.S.C. § 1227(a)(2)(A)(iii), in that he had been convicted of an aggravated felony.

[¶ 5] On July 25, 2012, Bahtiraj petitioned for post-conviction relief. On July 31, 2012, the State responded. On January 4, 2013, the district court heard the petition for post-conviction relief. At that hearing, Bahtiraj's counsel and Bahtiraj's testimony regarding immigration discussions were consistent. Bahtiraj's counsel advised Bahtiraj that a sentence of one year and one day would subject him to possible deportation. His counsel did not advise Bahtiraj that a sentence of one year and one day would result in an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) or that an aggravated felony would result in "automatic and mandatory deportation." Bahtiraj's counsel did not explain to Bahtiraj the distinction between crimes of moral turpitude and aggravated felonies.

[¶ 6] Bahtiraj's counsel testified that Bahtiraj wanted "to attempt to secure a concurrent sentence with the sentence that he was presently serving" and that Bahtiraj was not concerned when the possibility of deportation was discussed. At the time the guilty plea was entered, Bahtiraj testified he was in the process of serving his one-day-under-one-year sentence for a different burglary conviction entered on March 16, 2011. Further, he understood "concurrent sentence" to mean he would get time served and he would not receive a sentence of one year and one day. Bahtiraj claims he was not worried about the possibility of deportation based on this incorrect understanding of "concurrent." Bahtiraj also testified he was sentenced to "120 some days" for another burglary conviction entered on July 28, 2011. Bahtiraj testified that he applied for waivers but was denied due to the fact waivers are not available for aggravated felonies and he would have been eligible for a waiver but for the aggravated felony. The record did not contain a copy of the denial of waivers or the order to deport. Bahtiraj testified he was subsequently ordered deported by an immigration judge on August 13, 2012. Bahtiraj submitted an affidavit and testified that he would not have pled guilty and would have insisted on going to trial if he had known that a sentence of one year and

one day would constitute an aggravated felony and would essentially result in automatic and mandatory deportation without any possibility of waiver.

[¶ 7] The district court denied Bahtiraj's petition for post-conviction relief and Bahtiraj appealed arguing the district court erred in denying his motion because his attorney failed to provide effective assistance of counsel by inadequately advising him of the immigration consequences of his guilty plea.

## II

▮ [¶ 8] Post-conviction relief applications are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Flanagan v. State*, 2006 ND 76, ¶ 9, 712 N.W.2d 602. The Sixth Amendment of the United States Constitution, applied through the Fourteenth Amendment to the States, and Article I, Section 12, of the North Dakota Constitution guarantee criminal defendants effective assistance of counsel. *State v. Garge*, 2012 ND 138, ¶ 10, 818 N.W.2d 718. An ineffective assistance of counsel claim is a mixed question of law and fact, fully reviewable by this Court. *Flanagan*, at ¶ 9. "The burden of establishing grounds for post-conviction relief rests upon the petitioner." *Id.* at ¶ 10. The petitioner raising a post-conviction relief claim for ineffective assistance of counsel has the "heavy burden" set forth in the two-prong *Strickland* test. *Id.*

▮ [¶ 9] In order to prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> Surmounting *Strickland*'s high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.... It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.

*Premo v. Moore*, —— U.S. ——, —— ——, 131 S.Ct. 733, 739–40, 178 L.Ed.2d 649 (2011) (internal quotations and citations omitted). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Thus, a defendant must demonstrate both deficient representation by counsel *and* prejudice caused by the deficient representation." *Woehlhoff v. State*, 487 N.W.2d 16, 17 (N.D.1992).

### A. First Prong

▮ [¶ 10] The first prong is measured using "prevailing professional norms," *Sambursky v. State*, 2006 ND 223, ¶ 13, 723 N.W.2d 524, and is satisfied if Bahtiraj proves counsel's conduct consisted of errors serious enough to result in denial of the counsel guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

▮ [¶ 11] Bahtiraj argues that his counsel's advice fell below prevailing norms when his counsel (1) stated Bahtiraj "might" be deported, constituting misad-

vice; (2) failed to provide clear legal advice by explaining Bahtiraj would automatically be deported if the sentence issued was more than 364 days because the immigration consequences were clear from the statute; (3) failed to correct Bahtiraj's misstatements about immigration consequences; (4) failed to provide full explanation of collateral consequences; and (5) failed to consult an immigration expert.

[¶ 12] In *Padilla v. Kentucky,* the United States Supreme Court analyzed the first prong of *Strickland* and held that if the law is clear, constitutionally competent counsel would advise a noncitizen client that a conviction would result in automatic deportation. 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Conversely, if the law is not clear, constitutionally competent counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 369, 130 S.Ct. 1473. Padilla pled guilty to a drug offense after counsel incorrectly advised him not to worry about immigration consequences due to the length of time Padilla had been in the United States. *Id.* at 359, 130 S.Ct. 1473. The Court concluded that the drug conviction under 8 U.S.C. § 1227(a)(2)(B)(i) made Padilla's "deportation virtually mandatory." *Id.* The terms of 8 U.S.C. § 1227(a)(2)(B)(i) were "succinct, clear, and explicit in defining the removal consequences for Padilla's conviction." *Id.* at 368, 130 S.Ct. 1473. Section 1227(a)(2)(B)(i) provides that any alien convicted of an offense relating to a controlled substance is deportable with the exception of a conviction of an offense related to possession of marijuana (30 grams or less) for personal use. The Immigration and Nationality Act incorporates the definition of controlled substances defined in § 802 of Title 21 of the United States Code. 8 U.S.C. § 1227(a)(2)(B)(i). By reading the text of the statute, it would

have been clear to Padilla's counsel the conviction would make Padilla eligible for deportation because § 1227(a)(2)(B)(i) does not address "some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses." *Padilla,* at 368, 130 S.Ct. 1473. Therefore, the Court found the deficiency in Padilla's counsel obvious because: (1) the immigration consequences of pleading guilty were easily determinable by reading the statute, (2) Padilla's deportation was "presumptively mandatory," and (3) Padilla's counsel provided incorrect advice. *Id.* at 369, 130 S.Ct. 1473.

[¶ 13] The Immigration and Nationality Act, provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable," 8 U.S.C. § 1227(a)(2)(A)(iii), and an "aggravated felony" includes a theft or burglary offense when the sentence is at least one year. 8 U.S.C. § 1101(a)(43)(G). The United States Attorney General has the discretion to cancel the removal of a noncitizen if that noncitizen "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3).

[¶ 14] The terms of 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(G) are succinct, clear, and explicit in defining the removal consequences for Bahtiraj's conviction if sentenced to one year and one day. Therefore, we conclude Bahtiraj's counsel's deficient representation is obvious because the immigration consequences of a plea of guilty to a felony coupled with a sentence to one year and one day were easily determinable by reading the statutes. The sentence of one year and one day for a felony burglary resulted in presumptively mandatory deportation for Bahtiraj. Bahtiraj has successfully shown his counsel's representation fell below an objective standard of reasonableness.

## B. Second Prong

[¶ 15] The second prong requires Bahtiraj to show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The appropriate standard for prejudice in cases involving pleas was established in *Hill*, which held that a defendant who enters a plea must show "a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366. Bahtiraj argues he was prejudiced by his counsel's deficient advice because he would not have pled guilty and would have insisted on going to trial. *See id.*

[¶ 16] All courts "require something more than defendant's 'subjective, self-serving' statement that, with competent advice, he would" not have pled guilty and would have insisted on going to trial. 3 Wayne LaFave et al., *Criminal Procedure* § 11.10(d) (3rd ed.2007). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). This standard "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, ⎯ U.S. ⎯, ⎯, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Harrington v. Richter*, ⎯ U.S. ⎯, ⎯, 131 S.Ct. 770, 791, 178 L.Ed.2d 624 (2011)). The petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372, 130 S.Ct. 1473. This requires

an examination and prediction of the likely outcome of a possible trial. *Hill*, 474 U.S. at 59–60, 106 S.Ct. 366. "The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, e.g., valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky.2012). "This standard of proof is 'somewhat lower' than the common 'preponderance of the evidence' standard." *Padilla v. Commonwealth*, 381 S.W.3d 322, 328 (Ky.Ct.App.2012) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). "[E]stablishing a valid ineffective assistance of counsel claim where the defendant pled guilty imposes a 'substantial burden.'" *Commonwealth v. Pridham*, 394 S.W.3d 867, 880 (Ky.2012) (citing *Premo*, ⎯ U.S. at ⎯, 131 S.Ct. at 746).

[¶ 17] We agree that the immigration consequences of a guilty plea may be the predominate factor when determining whether a particular defendant's decision to insist on a trial would have been rational, but it is not the only factor. However, even when deportation will occur, noncitizen defendants may have greater concerns regarding the amount of prison time they will serve. *See Smith v. State*, 287 Ga. 391, 697 S.E.2d 177, 187 (2010). This concern has greater weight the stronger the prosecution's case. *See id.; People v. Mrugalla*, 371 Ill.App.3d 544, 548, 311 Ill.Dec. 303, 868 N.E.2d 303 (Ill.Ct.App.2007). Under the *Strickland* test, the potential strength of the state's case must inform the court's analysis, when determining prejudice inasmuch as a reasonable defendant would surely take it into account. *United States v. Akinsade*, 686 F.3d 248, 255 (4th Cir.2012) (citing *Ostrander v. Green*, 46 F.3d 347, 356 (4th

Cir.1995) *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir.1996) (en banc)). It may be rational for the petitioner not to have entered a guilty plea, but rather go to trial, when petitioner's counsel is able to assert a reasonable course to pursue at trial. *Akinsade*, at 256.

> Factors to be considered by the district court in determining whether a defendant would have decided not to plead guilty and insisted instead on going to trial include (a) whether the defendant pleaded guilty in spite of knowing that the advice on which he claims to have relied might be incorrect, (b) whether pleading guilty gained him a benefit in the form of more lenient sentencing, (c) whether the defendant advanced any basis for doubting the strength of the government's case against him, and (d) whether the government would have been free to prosecute the defendant on counts in addition to those on which he pleaded guilty.

*Chhabra v. United States*, 720 F.3d 395, 408 (2nd Cir.2013).

■■■■■ [¶ 18] Here, Bahtiraj argues he was prejudiced by his counsel's ineffective assistance because he would not have entered a guilty plea and would have insisted on going to trial if his counsel had explained that a conviction of one year or more for burglary would be considered an aggravated felony that would result in automatic deportation with no waiver available. If he had insisted on a trial, the State would have had to prove his guilt beyond a reasonable doubt, and Bahtiraj would have had a chance to avoid a conviction. However, this course of action is not rational in light of Bahtiraj's particular circumstances. Bahtiraj does not provide anything besides a self-serving statement that he would have insisted on going to trial. Bahtiraj did not provide any infor-

mation that would suggest the result would have been different. The statements made during the proceedings suggest substantial evidence of Bahtiraj's guilt exists including a confession and no defense. Bahtiraj has not identified any weaknesses in the State's case. The considerations when determining whether counsel's advice to plead guilty is reasonable include: "[a] prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused . . . ." *Brant v. Nix*, 58 F.3d 346, 349 (8th Cir.1995). At the plea, before the district court, Bahtiraj's counsel argued Bahtiraj had cooperated with law enforcement and had given a full and complete account of the burglary in hope of a lesser sentence. Bahtiraj's counsel argued for a sentence less than one year and one day. Bahtiraj's counsel did not make any assertions regarding what Bahtiraj would have argued if he had gone to trial.

[¶ 19] Bahtiraj's affidavit and testimony allege Bahtiraj would have gone to trial if his attorney had correctly advised him that pleading guilty with a sentence of one year or more would result in mandatory deportation. This statement is not enough to establish prejudice. There is overwhelming evidence of Bahtiraj's guilt due to his own confession to law enforcement. Bahtiraj failed to offer any rational defense to the offense of burglary. Accordingly, Bahtiraj's rejection of the guilty plea under these circumstances would not have been rational. Bahtiraj therefore cannot show the prejudice necessary for an ineffective-assistance claim.

### III

[¶ 20] Bahtiraj failed to establish the "prejudice" necessary to satisfy the second prong of the two-prong *Strickland* test; therefore, the district court did not err in

rejecting Bahtiraj's ineffective assistance of counsel claim. We affirm the order of the district court.

[¶ 21]  GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.