# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 66

State of North Dakota,

Plaintiff and Appellee

v.

Mohamed Jam Awad,

Defendant and Appellant

### No. 20190273

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Sarah W. Gereszek, Assistant State's Attorney, Grand Forks, North Dakota, for plaintiff and appellee; submitted on brief.

Erik A. Escarraman, Fargo, North Dakota, for defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   Mohamed Awad appeals from a district court order denying his motion to withdraw his guilty plea to a charge of knowingly voting when not qualified to do so. On appeal, Awad argues the district court should have allowed him to withdraw his guilty plea because he was not adequately advised under N.D.R.Crim.P. 11(b) of the possible immigration consequences of pleading guilty, and because he received ineffective assistance of counsel. We affirm the district court order.

[¶2]   When resolving a motion to withdraw a guilty plea, the district court applies N.D.R.Crim.P. 11(d)(2), which provides: "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." To establish manifest injustice, a defendant must "prove serious derelictions on the part of the defendant's attorney that kept a plea from being knowingly and intelligently made." *Morris v. State*, 2019 ND 166, ¶ 18, 930 N.W.2d 195. Whether the circumstances establish a manifest injustice is within the district court's discretion, and we reverse only for an abuse of discretion. *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law. *State v. Pixler*, 2010 ND 105, ¶ 7, 783 N.W.2d 9. Awad frames his argument on appeal as a misapplication of the law set forth in Rule 11, stating the issue presented as: "Did the District Court err in denying the appellant's motion to withdraw his guilty plea because the Court did not confirm with the Defendant that his guilty plea could expose him to Immigration consequences, violating Rule 11 of the N.D. R. Crim. P.?"

[¶3]   At Awad's initial appearance on the charge, the district court advised him of his rights consistent with N.D.R.Crim.P. 11(b)(1). At issue here is the advisory required by N.D.R.Crim.P. 11(b)(1)(J), which requires advice to the defendant "that, if convicted, a defendant who is not a United States citizen

may be removed from the United States, denied citizenship, and denied admission to the United States in the future." The record shows that the court advised Awad as follows: "Immigration consequences: If you are not a U.S. citizen and you plead guilty, or are convicted of a crime, it may have immigration consequences, including but not limited to: deportation, exclusion from admission to the United States, or denial of citizenship." The required advisory about possible immigration consequences, like the other advisories in N.D.R.Crim.P. 11(b)(1), need not be repeated immediately prior to entry of a guilty plea if the advisory was given at an earlier hearing and the record reflects the defendant's knowledge of his rights. *State v. Yost*, 2018 ND 157, ¶ 20, 914 N.W.2d 508 ("A trial court is not required to readvise a defendant of each of his rights at a change of plea hearing, provided the court determines that the defendant was properly advised at arraignment, and that the defendant now recalls that advice. It is sufficient to satisfy due process if the defendant's knowledge of his rights is clearly reflected from the whole record."). At the change of plea hearing, the court asked Awad, "Do you have any questions about the rights that we went over earlier, sir?" Awad responded, "No, Your Honor." We conclude the district court did not misapply the law by failing to readvise Awad under Rule 11(b)(1) at the change of plea hearing and thus it did not abuse its discretion in denying Awad's motion to withdraw his guilty plea on that basis.

[¶4] Awad also argues that the district court failed to satisfy the requirements of *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Padilla* held that an attorney who fails to give correct advice about immigration consequences that are "truly clear" has failed to meet reasonable professional standards and thus has provided constitutionally ineffective assistance under prong one of *Strickland v. Washington*, 466 U.S. 668 (1984). Our review of the record here, which, unlike *Padilla*, is a direct appeal from a criminal judgment rather than an application for postconviction relief, reveals no evidence that Awad satisfies either prong under the *Strickland* test for ineffective assistance of counsel.

[¶5] At the hearing on the motion to withdraw his guilty plea, Awad was present with his attorney. Awad offered no testimony. When the court asked

2

his attorney if he had any evidence he would like to present, he said he did not. Awad's attorney, the same attorney who represented Awad at the entry of his guilty plea, stated, "I will admit that he wasn't given proper immigration advice at the time of sentencing or at least at plea." We have said repeatedly that statements by counsel are not evidence. *See, e.g., S.M.B. v. G.G.*, 376 N.W.2d 27, 29 (N.D. 1985) ("A lawyer's comments are not evidence."). Awad presented no evidence about what, if any, advice his attorney gave him. He asserts as a fact in his appellate brief without citation to the record that "Awad was not informed by his counsel that his guilty plea would make him deportable from the United States, would subject him to mandatory immigration detention, and would preclude him from almost all forms of relief from removal." He presented no evidence that if he had been given accurate legal advice about the probable immigration consequences of a guilty plea, he would have persisted in a not guilty plea and proceeded to trial. We require a showing that a decision to go to trial would have been rational based on factors such as a realistic possibility of a lower sentence or a meritorious defense at trial. *Morales v. State*, 2019 ND 137, ¶ 10, 927 N.W.2d 401. Here the evidence in the record doesn't even contain a bare assertion that Awad would have gone to trial.

[¶6] "Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction proceeding under N.D.C.C. ch. 29-32.1, so the parties can fully develop a record on the issue of counsel's performance and its impact on the defendant's claim." *Yost*, 2018 ND 157, ¶ 23, 914 N.W.2d 508. "When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made." *State v. Atkins*, 2016 ND 13, ¶ 9, 873 N.W.2d 676. Because Awad presented no evidence in support of his *Padilla* claim for ineffective assistance of counsel, we reject that claim in this direct appeal without prejudice to his opportunity to raise it in an application for postconviction relief where he may again have an opportunity to develop a factual record in support of his claim.

3

[¶7]   We affirm the district court order denying Awad's motion to withdraw his guilty plea.

[¶8]   Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Gerald W. VandeWalle
        Jon J. Jensen, C.J.

4