# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 110

Bashir Bare Abdi,                              Petitioner and Appellant

     v.

State of North Dakota,                     Respondent and Appellee

## No. 20200341

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Rhonda R. Ehlis, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

James A. Hope, Assistant State's Attorney, Dickinson, ND, for respondent and appellee; submitted on brief.

**Abdi v. State**
**No. 20200341**

**McEvers, Justice.**

[¶1] Bashir Bare Abdi appeals from a district court order denying his application for post-conviction relief, seeking to withdraw his guilty plea. On appeal, Abdi argues the court erred because he received ineffective assistance of counsel, and as a result his plea was not knowingly, intelligently, and voluntarily made. Specifically, Abdi argues he would not have entered a plea of guilty had he been properly advised on the virtual certainty of deportation. We affirm.

I

[¶2] Abdi was charged with luring minors in violation of N.D.C.C. § 12.1-20-05.1, a class B felony, on January 30, 2019. This charge resulted from Abdi's alleged communications with a person he believed to be a fourteen year-old girl, but was in fact an undercover agent, after Abdi arranged to engage in sexual activity with her in exchange for a candy bar.

[¶3] An initial appearance hearing was held on January 30, 2019. Abdi's native language is Somali, and a Somali-speaking interpreter's services were engaged for the hearing. At the hearing, the district court informed Abdi that deportation could result from being convicted or pleading guilty on these charges, and Abdi indicated he understood through his interpreter. On August 5, 2019, Abdi pleaded guilty to an amended charge of corruption or solicitation of minors, a class C felony.

[¶4] Abdi filed an application for post-conviction relief on August 11, 2020. In his application, Abdi argued he received ineffective assistance of counsel because his attorney did not properly advise him of the immigration consequences of pleading guilty and therefore his plea was not knowingly, intelligently, and voluntarily made.

[¶5] On November 2, 2020, a post-conviction evidentiary hearing was held, and Abdi's trial counsel testified. Counsel stated that he discussed potential

immigration consequences with Abdi in their first meeting. Counsel further testified he told Abdi "that if he either pled guilty or was convicted of the charges that there would be immigration consequences, that it was a deportable offense, and that in all likelihood he would be taken into custody." Counsel stated he had multiple conversations with Abdi about immigration consequences throughout the course of his representation.

[¶6] On November 9, 2020, the district court denied Abdi's application for post-conviction relief. The court found Abdi's trial counsel was effective because he had advised Abdi of the potential immigration consequences of pleading guilty, and additionally found Abdi failed to establish prejudice. The court also found Abdi's plea was knowing, intelligent, and voluntary, stating Abdi was informed of the consequences of pleading guilty by his counsel and the court prior to entering his plea.

II

[¶7] On appeal, Abdi argues his attorney did not properly inform him of the consequences of pleading guilty regarding the virtual certainty of deportation, rendering his counsel constitutionally ineffective under *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). We assume, for purposes of this appeal, that the term "virtual certainty" is the same as "mandatory deportation," because that was the argument Abdi made in the district court. Abdi also argues that because he was not properly informed of the immigration consequences of pleading guilty, his plea was not knowingly, intelligently, or voluntarily made. Finally, Abdi argues a manifest injustice will result if he is not allowed to withdraw his guilty plea under N.D.R.Crim.P. 11(d)(2).

[¶8] Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Morris v. State*, 2019 ND 166, ¶ 6, 930 N.W.2d 195. The applicant bears the burden of establishing grounds for post-conviction relief. *Id.* Questions of law are fully reviewable when we review a district court's decision in a post-conviction proceeding. *Id.* A district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not

supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶9]   When an applicant for post-conviction relief seeks to withdraw his guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d) and the district court considers whether relief is necessary to correct a manifest injustice. *Kremer v. State*, 2020 ND 132, ¶ 5, 945 N.W.2d 279. This Court reviews whether circumstances establish a manifest injustice under an abuse of discretion standard:

> When resolving a motion to withdraw a guilty plea, the district court applies N.D.R.Crim.P. 11(d)(2), which provides: "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." To establish manifest injustice, a defendant must "prove serious derelictions on the part of the defendant's attorney that kept a plea from being knowingly and intelligently made." Whether the circumstances establish a manifest injustice is within the district court's discretion, and we reverse only for an abuse of discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law.

*State v. Awad*, 2020 ND 66, ¶ 2, 940 N.W.2d 613 (internal citations omitted).

[¶10] An applicant seeking to withdraw his plea based on a claim of ineffective assistance of counsel must surmount the *Strickland* test by showing: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). This Court has stated:

> When a defendant pleads guilty on the advice of counsel, the defendant "'may only attack the voluntary and intelligent character of the guilty plea.'" *Damron v. State*, 2003 ND 102, ¶ 9, 663 N.W.2d 650 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, (1973)). Unless a defendant can prove "serious derelictions" on the part of the defendant's attorney that kept a plea from being

4

knowingly and intelligently made, the defendant will be bound by that guilty plea. *Damron*, at ¶ 13 (citing *McMann v. Richardson*, 397 U.S. 759, 774 (1970)). "In criminal cases, the defendant has the burden to present evidence to overcome the presumption that defense counsel is competent and adequate, and to do so, the defendant must point 'to specific errors made by trial counsel.'" *Damron*, at ¶ 13 (quoting *State v. Slapnicka*, 376 N.W.2d 33, 36 (N.D. 1985)).

*Lindsey v. State*, 2014 ND 174, ¶ 17, 852 N.W.2d 383. An applicant for post-conviction relief bears a "heavy burden" to prevail on an ineffective assistance of counsel claim. *Bahtiraj v. State*, 2013 ND 240, ¶ 8, 840 N.W.2d 605.

[¶11] Generally, to meet the first prong of *Strickland*, the applicant must "overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight." *Hunter v. State*, 2020 ND 224, ¶ 12, 949 N.W.2d 841. The first prong is measured against "prevailing professional norms." *Bahtiraj*, 2013 ND 240, ¶ 10. In cases involving noncitizens, "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Padilla,* 559 U.S. at 367. In *Padilla*, the United States Supreme Court analyzed the first prong of *Strickland* and held that if the law is clear, constitutionally competent counsel would advise a noncitizen client that a conviction or guilty plea would result in mandatory deportation. 559 U.S. 356. Conversely, if the law is not clear, constitutionally competent counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 369.

[¶12] To meet the second prong of the *Strickland* test in the context of a guilty plea, an applicant must establish there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Lindsey*, 2014 ND 174, ¶ 19. When an applicant is claiming ineffective assistance of counsel based on allegedly inadequate advice regarding the impact of the plea on the applicant's immigration status, the applicant must establish prejudice by convincing "the court that a decision to

reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U. S. at 372.

[¶13] All courts require something more than a defendant's subjective, self-serving statement that, with competent advice, he would have rejected the plea agreement and insisted on going to trial. *Bahtiraj*, 2013 ND 240, ¶ 16. The United States Supreme Court has stated:

> "Surmounting *Strickland's* high bar is never an easy task," and the strong societal interest in finality has "special force with respect to convictions based on guilty pleas." Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.

*Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (internal citations omitted). However, the Supreme Court also rejected the government's argument that an applicant could not establish prejudice when deportation would almost certainly result from proceeding to trial as well as taking the plea, stating "this Court cannot say that it would be irrational for someone . . . to risk additional prison time in exchange for holding on to some chance of avoiding deportation." *Id.* at Syll. 1962. The Court stated whether prejudice has been established should be evaluated by looking "to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967.

[¶14] To determine whether a guilty plea or conviction of a state crime would result in mandatory deportation, an attorney must review the Immigration and Naturalization Act ("INA"). *See Padilla*, 559 U.S. at 368-69 (holding defendant's counsel was ineffective because counsel failed to look to the INA to determine a guilty plea would result in mandatory deportation when the terms of the statute were clear and explicit regarding the removal consequence). Section 237(a)(2)(A)(iii) of the INA, 8 U.S.C.S. § 1227(a)(2)(A)(iii), subjects an alien convicted of an aggravated felony to mandatory removal. "Aggravated felony" is defined in 8 U.S.C.S. § 1101(a)(43), which enumerates 21 different categories of qualifying offenses. However, "[e]scaping aggravated felony

treatment does not mean escaping deportation, though. It means only avoiding mandatory removal." *Moncrieffe v. Holder*, 569 U.S. 184, 204 (2013).

[¶15] Abdi relies on *Padilla* to argue his counsel was constitutionally ineffective. In *Padilla*, the Supreme Court considered whether a defendant's attorney was constitutionally ineffective for failing to advise him as to the deportation consequences of pleading guilty to a crime considered an aggravated felony under the INA. *See Padilla*, 559 U.S. 356. Specifically, the defendant pleaded guilty to the transportation of a large quantity of marijuana in his tractor-trailer. *Id.* at 359. Under 8 U.S.C.S. § 1101(a)(43)(B) "illicit trafficking in a controlled substance . . . including a drug trafficking crime" is an aggravated felony subjecting an alien to mandatory deportation.

[¶16] The Supreme Court ultimately held Padilla had been given ineffective assistance of counsel under the first prong of *Strickland* because the removal statute was unambiguous and his counsel failed to advise him that pleading guilty would result in mandatory removal. *Padilla*, 559 U.S. at 368-69. However, the Supreme Court also noted there would "undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear" and asserted a defense attorney "need do no more than advise a noncitizen client that pending criminal charges may carry adverse immigration consequences" in those cases. *Id.* at 369.

[¶17] This is one such case, where the consequences of Abdi's plea are unclear. Abdi pleaded guilty to corruption or solicitation in violation of N.D.C.C. § 12.1-20-05(2), which states, "[a]n adult who solicits with the intent to engage in a sexual act with a minor under age fifteen or engages in or causes another to engage in a sexual act when the adult is at least twenty-two years of age and the victim is a minor fifteen years of age or older, is guilty of a class C felony." Corruption or solicitation of minors is not included in the enumerated list of aggravated felonies under the INA as stated in 8 U.S.C.S. § 1101(a)(43). It is not clear from the face of the INA whether Abdi's guilty plea to corruption or solicitation would be considered an aggravated felony.

[¶18] At the evidentiary hearing on post-conviction relief, Abdi argued "he was advised it [his conviction] was a deportable offense but not that it was mandatory deportation." However, Abdi did not specify which statutory provision mandated his removal either at the district court or on appeal, and no removal proceeding documents are a part of the record for our review.

> We have repeatedly stated we are not ferrets and we "will not consider an argument that is not adequately articulated, supported, and briefed." *See, e.g., State v. Haibeck*, 2006 ND 100, ¶ 9, 714 N.W.2d 52; *see also Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518 (declining to consider an issue raised for the first time on appeal); *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167 ("'[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit.'") (quoting *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547).

*Holden v. Holden*, 2007 ND 29, ¶ 7, 728 N.W.2d 312.

[¶19] Abdi bears the burden to establish grounds for post-conviction relief, and Abdi has failed to meet his burden to show he received ineffective assistance of counsel. As a threshold matter, in order to prevail on an ineffective assistance of counsel claim predicated upon a plea agreement having mandatory adverse immigration consequences, Abdi needed to show the agreement did in fact carry mandatory consequences.

[¶20] Based on this record, Abdi has not shown he received ineffective counsel under *Padilla*. The immigration consequences of Abdi's plea are unclear from the face of the INA. Under United States Supreme Court precedent, as well as our own precedent, a defense attorney need do no more than advise a defendant that the pending criminal charges may carry a risk of adverse immigration consequences when it is not clear from the face of the INA that a state crime qualifies as an aggravated felony. The district court's finding that Abdi's trial counsel was effective, because he had properly advised Abdi on potential adverse immigration consequences of pleading guilty, was not clearly

8

erroneous. Abdi failed to meet the first prong of the *Strickland* test because he has not established his counsel was ineffective.

[¶21] It is unnecessary to our decision to determine if Abdi established he was prejudiced by his decision to plead guilty. "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277.

[¶22] Abdi's argument that his plea was not knowingly, intelligently, or voluntarily made because he was ineffectively counseled on the consequences of the plea also fails, because Abdi failed to show he was ineffectively counseled. Without establishing his counsel was ineffective, Abdi cannot show a manifest injustice would result if he was not allowed to withdraw his plea. We conclude the district court did not abuse its discretion by denying Abdi's motion to withdraw his guilty plea.

### III

[¶23] We have considered the remaining issues and arguments and consider them to be unnecessary to our decision or without merit. The district court order is affirmed.

[¶24] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte