# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 109

Jason Travis O'Neal,                              Petitioner and Appellant

v.

State of North Dakota,                              Respondent and Appellee

### No. 20220353

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Scott O. Diamond, Fargo, ND, for petitioner and appellant; submitted on brief.

Brianna K. Kraft, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

## O'Neal v. State
## No. 20220353

**Crothers, Justice.**

[¶1] Jason O'Neal appeals from a district court order denying his post-conviction relief application. O'Neal argues the court abused its discretion and erred by denying his application. We affirm.

I

[¶2] On August 24, 2020, O'Neal was charged with attempted murder. On April 19, 2021, O'Neal pleaded guilty to the charge of attempted murder and was sentenced to 15 years. On March 22, 2022, O'Neal filed an application for post-conviction relief based on newly discovered evidence and ineffective assistance of counsel. On October 14, 2022, a post-conviction evidentiary hearing was held. On December 1, 2022, the district court issued an order denying O'Neal's application. O'Neal timely appealed.

II

[¶3] O'Neal argues he is entitled to post-conviction relief because new evidence was discovered after he pleaded guilty. He claims the district court abused its discretion by denying his application for post-conviction relief and he is entitled to withdraw his guilty plea, receive appointment of new counsel, and receive a new trial.

[¶4] Post-conviction relief is available under N.D.C.C. § 29-32.1-01(1)(e) when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." Applications based on newly discovered evidence are reviewed as a motion for a new trial based on newly discovered evidence under N.D.R.Crim.P. 33. The standard is well established:

> "Under N.D.R.Crim.P. 33(a), the trial court may grant a new trial to the defendant if required in the interests of justice. To prevail

1

on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion. A trial court abuses its discretion if it acts arbitrarily, unreasonably, unconscionably, or when its decision is not the product of a rational mental process leading to a reasoned decision."

*Kovalevich v. State*, 2018 N.W.2d 184, ¶ 5, 915 N.W.2d 644.

[¶5]  O'Neal argues new evidence may have been discovered if the alleged weapon had been forensically tested. Specifically, he claims new evidence of an alternative perpetrator may have been discovered. The district court found O'Neal did not meet the burden for post-conviction relief based on new evidence because he knew before the trial about the potential evidence that could come from forensic testing of the weapon. The court's findings are supported by the record; however those findings ignore the statutory threshold that new evidence "exists." *See* N.D.C.C. § 29-32.1-01(1)(e). Here, O'Neal only claimed new evidence may exist, or may have been discovered. Therefore, the district court did not abuse its discretion in denying O'Neal's application for relief based on newly discovered evidence.

III

[¶6]  O'Neal argues his court-appointed counsel was ineffective because she did not compel forensic testing on any evidence and pushed him toward a plea deal. Therefore, O'Neal claims the district court erred in denying his application for post-conviction relief. O'Neal claims he is entitled to withdraw his guilty plea, receive appointment of new counsel, and a new trial.

[¶7]   To prove post-conviction relief based on ineffective assistance of counsel an applicant must: "(1) show that counsel's representation fell below an objective standard of reasonableness and (2) show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Bahtiraj v. State*, 2013 ND 240, ¶ 9, 840 N.W.2d 605; *see also Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶8]   The standard of review for a claim of ineffective assistance of counsel in a post-conviction proceeding is well established:

> "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Flanagan v. State,* 2006 ND 76, ¶ 9, 712 N.W.2d 602. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal. *Klose v. State,* 2005 ND 192, ¶ 10, 705 N.W.2d 809. Under N.D.R.Civ.P. 52(a), the district court's findings of fact will not be disturbed on appeal unless clearly erroneous. 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.' *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454."

*Roe v. State,* 2017 ND 65, ¶ 5, 891 N.W.2d 745.

[¶9]   O'Neal argues his counsel was ineffective because she did not request forensic testing of evidence. O'Neal's counsel testified she did not request forensic testing on the weapon because it would not have been helpful to the defense. She said the State had sufficient evidence even without the weapon to prove the case against O'Neal beyond a reasonable doubt. Counsel also testified O'Neal wanted the weapon tested for the victim's DNA but forensic testing for the victim's DNA would not have been necessary because the victim's injuries were not at issue in this matter. O'Neal's counsel testified she did not request forensic testing on the other evidence because again it would not have been helpful to the defense. She said O'Neal's DNA likely would have been on most of the evidence since he was living in the house where the victim was injured.

3

The district court found prior to O'Neal's plea, O'Neal and his counsel had extensive discussions about the forensic testing and ultimately decided not to pursue this defense strategy.

[¶10] O'Neal also argues his counsel was ineffective because she forced him into a plea deal. O'Neal does not offer any evidence to show his counsel forced him to take a plea deal. In fact, O'Neal testified his counsel was doing her job when she informed him the State had sufficient evidence against him and there were risks of going to trial. O'Neal also testified his counsel never stated he did not have a right to go to trial or that she did not want to go to trial.

[¶11] Based on these facts, the district court found O'Neal did not meet the burden for post-conviction relief based on ineffective assistance of counsel. The court's findings were not induced by an erroneous view of the law and were supported by evidence. The court did not clearly err in finding O'Neal did not show his counsel's representation was below the standard of reasonableness nor a reasonable probability that but for this alleged error the result would have been different.

IV

[¶12] The district court did not abuse its discretion in finding O'Neal did not meet the burden for post-conviction relief based on newly discovered evidence. The court also did not err in finding O'Neal did not meet the burden for relief based on ineffective assistance of counsel. We affirm the district court's order denying O'Neal's application for post-conviction relief.

[¶13] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr