# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 133

Mark Andrew Belyeu,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

## No. 20230390

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Mark A. Belyeu, self-represented, Jamestown, ND, petitioner and appellant; submitted on brief.

Joshua J. Traiser, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]    Mark Andrew Belyeu appeals from a district court's order denying his petition for postconviction relief. On appeal, Belyeu argues the court erred in denying his petition because he received ineffective assistance of counsel from his trial attorneys and newly discovered evidence exists, both justifying withdrawal of his guilty pleas. We affirm.

I

[¶2]    In the underlying criminal case, Belyeu was charged with five offenses: use of a minor in a sexual performance, a class A felony; luring a minor by computer or other electronic means, a class B felony; promoting a sexual performance by a minor, a class B felony; and two counts of possession of certain materials prohibited, class C felonies. Belyeu pled guilty by *Alford* pleas in April 2021 to use of a minor in a sexual performance and one count of possession of certain materials prohibited; the remaining charges were dismissed. Steven Mottinger, as court-appointed counsel, represented Belyeu when he entered his pleas. Thereafter, Mottinger moved to withdraw, the district court granted the motion, and Jason Van Horn was appointed to represent Belyeu.

[¶3]    In June 2021, the district court allowed Belyeu to withdraw his guilty pleas, and a jury trial was scheduled for September 2021. In August 2021, Daniel Frisk, a partner in the law office employing Van Horn, substituted as counsel. On September 27, 2021, Belyeu appeared with Frisk at a change of plea hearing. Belyeu pled guilty to use of a minor in a sexual performance and one count of possession of certain materials prohibited. The court found his guilty pleas were knowingly, voluntarily, and intelligently given. The prosecutor provided, and the court found, a factual basis for the offenses which included that Belyeu: communicated electronically with Jane Doe I, age 14; solicited nude photos of Jane Doe I; and sent Jane Doe I videos of himself masturbating as well as images of Jane Doe II, which were prohibited materials. The factual basis also included that Belyeu obtained images from Jane Doe I engaging in sexual conduct and he collected the images with the requisite intent. In November 2021, Belyeu was sentenced and judgment was entered.

[¶4]    On January 29, 2023, Belyeu filed a petition for postconviction relief. Belyeu alleged: his guilty pleas were not knowingly, voluntarily, and intelligently given because he received ineffective assistance of his trial counsel, Steven Mottinger and Daniel Frisk;

newly discovered evidence existed justifying withdrawal of his guilty pleas; a claim of actual innocence; and his sentence was illegal. In September 2023, the district court summarily dismissed Belyeu's claims of actual innocence and his sentence not being authorized by law, and limited the evidentiary hearing to the remaining two claims.

[¶5]    An evidentiary hearing was held on October 23, 2023. A number of witnesses testified, including Kayla Erickson, Steven Mottinger, Daniel Frisk, Officer Thomas Heideman, and Detective Connie Nichtern. In November 2023, the district court entered an order denying Belyeu's petition for postconviction relief and judgment. Belyeu appeals.

II

[¶6]    "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Abdi v. State*, 2021 ND 110, ¶ 8, 961 N.W.2d 303. The petitioner bears the burden of establishing the grounds for postconviction relief. *Id*. Questions of law are fully reviewable on appeal in a postconviction relief proceeding, whereas, a district court's findings of fact are subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *Id*. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id*.

[¶7]    When a petitioner seeks to withdraw his guilty pleas in a petition for postconviction relief, the petition is treated as one made under N.D.R.Crim.P. 11(d), and the district court considers whether relief is necessary to correct a manifest injustice. *Abdi*, 2021 ND 110, ¶ 9. This Court reviews whether circumstances establish a manifest injustice under an abuse of discretion standard:

> When resolving a motion to withdraw a guilty plea, the district court applies N.D.R.Crim.P. 11(d)(2), which provides: "Unless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." To establish manifest injustice, a defendant must "prove serious derelictions on the part of the defendant's attorney that kept a plea from being knowingly and intelligently made." Whether the circumstances establish a manifest injustice is within the district court's discretion, and we reverse only for an abuse of discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law.

2

*Id.* (internal citations omitted).

III

[¶8]   Belyeu argues his trial attorneys were ineffective and, therefore, his guilty pleas were not voluntarily, intelligently, or knowingly given. Belyeu claims his trial attorneys, Mottinger and Frisk, failed to properly investigate the case and obtain discovery, and they did not review or consult with him on the discovery in this case.

[¶9]   A petitioner seeking to withdraw his guilty plea alleging ineffective assistance of counsel must surmount the two-prong test set out by *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner for postconviction relief bears a "heavy burden" to prevail on an ineffective assistance of counsel claim. *Bahtiraj v. State*, 2013 ND 240, ¶ 8, 840 N.W.2d 605. To satisfy the first prong under *Strickland*, a petitioner must show his or her counsel's representation fell below an objective standard of reasonableness. *Strickland*, at 687-88. The first prong is measured against "prevailing professional norms." *Bahtiraj*, at ¶ 10. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). Determining whether rejecting the plea was reasonable requires looking to "contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* All courts require something more than a defendant's subjective, self-serving statement that, with competent advice, he would have rejected the plea agreement and insisted on going to trial. *Watson v. State*, 2022 ND 215, ¶ 11, 982 N.W.2d 604; *see Bahtiraj*, at ¶ 16.

[¶10] To satisfy the second prong, the petitioner must establish there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Watson*, 2022 ND 215, ¶ 10. The petitioner must also show the district court that the decision to not plead guilty would have been "rational under the circumstances." *Isxaaq v. State*, 2021 ND 148, ¶ 11, 963 N.W.2d 260. We have stated:

> This standard of proof is "somewhat lower" than the common "preponderance of the evidence" standard. The court is required to examine and predict the likely outcome of a possible trial. Therefore, the applicant must allege facts such as valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence. In short, not only must the movant show that he would not have pleaded guilty but for counsel's mistakes, but he must also show that the facts

3

> in the record suggest that the proceeding would have probably come out differently.

*Watson*, at ¶ 19 (cleaned up). The petitioner must "prove serious derelictions on the part of [his] attorney that kept a plea from being knowingly and intelligently made . . . ." *Kremer v. State*, 2020 ND 132, ¶ 6, 945 N.W.2d 279. "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277. "Whether the circumstances establish a manifest injustice is within the district court's discretion, and we reverse only for an abuse of discretion." *State v. Awad*, 2020 ND 66, ¶ 2, 940 N.W.2d 613.

### A

[¶11] Regarding Mottinger's representation of Belyeu at his first change of plea hearing, the district court found even if Belyeu could have established Mottinger's representation fell below an objective standard of reasonableness, Belyeu failed to show Mottinger's representation prejudiced him because his prior guilty pleas were withdrawn. If a court can resolve the issue by addressing only one prong of the *Strickland* test, it is encouraged to do so. *Dodge v. State*, 2020 ND 100, ¶ 20, 942 N.W.2d 478.

[¶12] We conclude the district court did not clearly err in finding Belyeu failed to meet his burden to prove he was prejudiced by any alleged ineffective assistance by Mottinger under the second prong of the *Strickland* test when he was later allowed to withdraw his guilty plea and his case was reschedule for trial. Without showing he was prejudiced by his counsel, Belyeu could not show a manifest injustice based on the advice of Mottinger; therefore, the court did not abuse its discretion in denying Belyeu's petition for postconviction relief on those allegations.

### B

[¶13] Regarding Frisk's representation of Belyeu, he argues Frisk's actions fell below an objective standard of reasonableness for failure to investigate a photograph and surveillance video, and failed to request discovery from the State. Belyeu did not support his argument regarding discovery with citations to the record or legal authority, therefore, his argument regarding discovery is waived. *See Abdi*, 2021 ND 110, ¶ 18 (this Court will not consider an argument that is not adequately articulated, supported, or briefed, and a party waives an argument that is not supported with citations to relevant legal authority).

4

[¶14] Regarding the failure to investigate, the district court found the testimony Frisk provided at the evidentiary hearing was credible, stating:

> Frisk testified that he reviewed the discovery and assessed possible trial strategies, which included creating reasonable doubt that Belyeu sent the images and that the images depicted minors. Frisk considered the possibility of finding an expert to testify regarding the images, however, he did not believe that strategy would be successful based on his review of the case. Frisk explained that following discussion of each of the possible strategies and the strength of the State's case, Belyeu decided to proceed with his plan to plead guilty. Frisk stated Belyeu never wavered and did not seem confused. Frisk's testimony was credible.
> . . . .
> . . . Attorney Frisk credibly testified, that at the second change of plea hearing, Belyeu wanted to plead guilty and Belyeu indicated that his plea was knowing, voluntary, and intelligent. Belyeu agreed to the factual basis laid out by the State, and confirmed he was pleading guilty because that was what he wished to do. This Court finds Belyeu's guilty plea was knowingly, voluntarily, and intelligently given.

[¶15] Although Frisk testified he did not review all of the photos provided in discovery, he discussed the photos at issue with Jason Van Horn, Belyeu's prior counsel who worked in the same law office as Frisk, and prepared a trial strategy based on those photos. Frisk also testified Belyeu informed Frisk that he wanted to plead guilty, and maintained his desire to plead guilty throughout the proceedings. The district court found Frisk's testimony regarding his representation of Belyeu credible and that Frisk fully reviewed the discovery in the case, assessed possible defense strategies, discussed the case with Belyeu, considered weaknesses in the case, properly advised Belyeu of his options, and prepared to put on a defense. The court found Frisk's representation did not fall below an objective standard of reasonableness, therefore, the court concluded Belyeu failed to show his guilty pleas were not knowingly, voluntarily, and intelligently made.

[¶16] Upon review of the record, we conclude the district court did not err in finding Frisk's representation did not fall below an objective standard of reasonableness and Belyeu failed to show that but for Frisk's alleged errors, Belyeu would not have pled guilty and would have insisted on going to trial. Without showing his counsel was ineffective, Belyeu could not show a manifest injustice based on the advice of Frisk; therefore, the court did not abuse its discretion in denying Belyeu's petition for postconviction relief on those allegations.

5

## IV

[¶17] Belyeu argues evidence not previously presented exists justifying withdrawal of his guilty pleas.

[¶18] Postconviction relief is available under N.D.C.C. § 29-32.1-01(1)(e) when "[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice[.]" In the context of an application for postconviction relief based on newly discovered evidence following a guilty plea filed within the two-year statute of limitations, we have explained the "manifest injustice" analysis is similar to N.D.R.Crim.P. 33. *Bridges v. State*, 2022 ND 147, ¶¶ 9-11, 977 N.W.2d 718. We have applied the following test:

> To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion.

*Kovalevich v. State*, 2018 ND 184, ¶ 5, 915 N.W.2d 644 (cleaned up). "A trial court abuses its discretion if it acts arbitrarily, unreasonably, unconscionably, or when its decision is not the product of a rational mental process leading to a reasoned decision." *Id.*

[¶19] Belyeu argues new witnesses and documents are available which constitute newly discovered evidence. Belyeu's alleged newly discovered evidence included a Wahpeton Police Department report filed by Officer Heideman, a picture of Kayla Erickson, an allegation that Erickson had access to Belyeu's Facebook accounts and suggested she was the individual who had sent the nude photos, Erickson's statement that she was the female depicted in a photo of a female wearing an NDSU shirt, the victims' statements that they were not the females depicted in the nude photos, and an allegation that the other images in the messages depicted adult females. Belyeu also asserts Detective Nichtern's testimony

6

at the evidentiary hearing that she analyzed the photos and concluded the photos depicted Jane Doe I and Jane Doe II was not reliable.

[¶20]   The district court found Erickson's testimony that she was the female in the NDSU shirt depicted in the nude photo was not reliable. The court also found Detective Nichtern's testimony that the images Erickson claimed depicted herself actually depicted Jane Doe I and Jane Doe II was credible, and supported the State's claims against Belyeu. The task of weighing evidence and judging credibility of witnesses is for the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence. *Kovalevich*, 2018 ND 184, ¶ 5.

[¶21]   Belyeu's argument that the Wahpeton police report constitutes newly discovered evidence refers to the police report written by Officer Heideman as well as Officer Heideman's change in opinion about the case after his report was submitted. At the evidentiary hearing Officer Heideman testified that, as of the date of his report, he had received one photo of a partially nude female and photos of messages from Belyeu and, based on that evidence, believed the partially nude female in the photo was Erickson and not Jane Doe I. Officer Heideman further testified that his opinion changed after reviewing the discovery in this case and he believed the nude photos depicted Jane Doe I and supported the charges against Belyeu. The district court found that Officer Heideman's testimony regarding his police report and opinion of the case were credible.

[¶22]   The district court concluded the subject matter of Officer Heideman's report was not newly discovered evidence because the report addressed one of the nude photos included in discovery. Although the court found Officer Heideman's change of opinion about the case constituted newly discovered evidence, the court concluded "the weight and quality of the report would not establish Belyeu did not engage in the criminal conduct for which he pled guilty. Nor would it even satisfy the prior (lesser) standard for newly discovered evidence, i.e., that the evidence would likely result in an acquittal at trial." Based on the evidence presented at the evidentiary hearing, the court found Belyeu failed to show newly discovered evidence existed creating a manifest injustice justifying withdrawal of his guilty pleas. Upon review of the record, we conclude the court did not clearly err in finding Belyeu failed to meet the standard for newly discovered evidence because the evidence Belyeu asserted would not likely result in acquittal.

[¶23]   The district court further found the remainder of Belyeu's alleged newly discovered evidence "consist[ed] of the same arguments and information he focused on with his attorney[s] before entering his guilty pleas . . . ." Upon review of the record, we conclude

7

the court did not clearly err in finding Belyeu did not meet his burden to show newly discovered evidence.

[¶24] We conclude the district court did not abuse its discretion in denying Belyeu's petition for postconviction relief on the grounds of newly discovered evidence.

[¶25] We decline to address Belyeu's remaining arguments because they are unnecessary to our decision or without merit.

V

[¶26] We affirm.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr