# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

---

### 2025 ND 51

---

Anthony Jacob Hersha,                    Petitioner and Appellant

v.

State of North Dakota,                    Respondent and Appellee

---

### No. 20240270

---

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; on brief.

Tonya Duffy, State's Attorney, Valley City, ND, for respondent and appellee; on brief.

**Per Curiam.**

[¶1] Anthony Hersha appeals from a district court order denying his postconviction relief application seeking to withdraw his guilty pleas. Hersha pleaded guilty to six counts of unauthorized use of personal identifying information, one count of attempted unauthorized use of personal identifying information, and four counts of attempted theft. Hersha argues the court erred in denying his application alleging he received ineffective assistance of counsel. After an evidentiary hearing, the court found Hersha's testimony was not credible. The court found Hersha had not proven his attorney's representation fell below an objective standard of reasonableness and there was no proof the outcome of the proceeding would have changed had something different been done.

[¶2] The district court has discretion in deciding whether circumstances establish a manifest injustice, necessitating the withdrawal of a guilty plea; we review the court's decision for abuse of discretion. *Belyeu v. State*, 2024 ND 133, ¶ 7, 9 N.W.3d 648. Findings of fact made in a postconviction relief proceeding are subject to the clearly erroneous standard of review. *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521. On this record, we conclude the district court's findings of fact are not clearly erroneous, and the court did not clearly err in finding Hersha failed to establish his trial counsel's performance fell below an objective standard of reasonableness under prong one of the *Strickland* test. *Samaniego v. State*, 2024 ND 187, ¶ 9, 12 N.W.3d 827 ("Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."). The court did not abuse its discretion by not allowing Hersha to withdraw his guilty pleas. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
        Daniel J. Crothers

Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr