# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 236

Damon John White Bird,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20250217

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant; on brief.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, N.D., for respondent and appellee; on brief.

**Per Curiam.**

[¶1]   Damon John White Bird appeals from a judgment denying his application for postconviction relief entered after an evidentiary hearing. White Bird argues the district court erred in determining he failed to establish he received ineffective assistance of counsel prior to pleading guilty and on direct appeal of the underlying criminal case, and not allowing him to withdraw his guilty plea. He asserts his trial counsel "admitted" that his guilty plea was not voluntarily made; his appellate counsel was ineffective because he failed to argue his plea was involuntary, amounting to a constitutional violation; and his plea was involuntary because he was promised a deferred imposition of sentence, the district court engaged in plea discussions, and the State referenced prior bad acts at sentencing.

[¶2]   Findings of fact made in a postconviction relief proceeding will not be disturbed on appeal unless clearly erroneous. *Jung v. State*, 2024 ND 94, ¶ 6, 6 N.W.3d 853. "The district court has discretion in deciding whether circumstances establish a manifest injustice, necessitating the withdrawal of a guilty plea; we review the court's decision for abuse of discretion." *Hersha v. State*, 2025 ND 51, ¶ 2, 18 N.W.3d 632 (citing *Belyeu v. State*, 2024 ND 133, ¶ 7, 9 N.W.3d 648). After reviewing the record, we conclude the district court did not clearly err in finding White Bird failed to establish the performance of his trial and appellate counsel fell below an objective standard of reasonableness under prong one of the *Strickland* test. *Samaniego v. State*, 2024 ND 187, ¶ 9, 12 N.W.3d 827 ("Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."). While "[t]estimony unfavorable to one's own contention can be a judicial admission if it is deliberate, clear and unequivocal," *Forsman v. Blues, Brews & Bar-B-Ques, Inc.*, 2017 ND 266, ¶ 20, 903 N.W.2d 524 (quotations omitted), the statement by White Bird's trial counsel was an argument made on his behalf at a motion hearing, not testimony or a judicial admission. The court did not abuse

its discretion by not allowing White Bird to withdraw his guilty plea. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr